**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel. Barry Donnellan and Qui tam*, | |
| Plaintiff, | |
| vs. | |
| THE SAYER LAW GROUP, P.C., | Case No. 4:22-cv-00019-RRB |
| SLAYDEN PLUMBING AND HEATING, P.C., | Case No. 4:22-cv-00020-RRB |
| AOFS VAN LEEUWEN, PC, | Case No. 4:22-cv-00022-RRB |
| PETE B. HIGGINS DDS, LLC, | Case No. 4:22-cv-00023-RRB |
| JEWEL ISAAC, LLC, | Case No. 4:22-cv-00024-RRB |
| FAIRBANKS ORTHODONTIC GROUP, | Case No. 4:22-cv-00025-RRB |
| NORTHLAND AVIATION SERVICES, INC., | Case No. 4:22-cv-00026-RRB |
| SAMSON ELECTRIC, INC., | Case No. 4:22-cv-00027-RRB |
| FULLFORD ELECTRIC, INC., | Case No. 4:22-cv-00028-RRB |
| GENE'S, INC., | Case No. 4:22-cv-00029-RRB |
| k2 FAIRBANKS, LLC, | Case No. 4:22-cv-00030-RRB |
| AT&S, INC, | Case No. 4:22-cv-00031-RRB |
| WEST VALLEY VISION CENTER, INC., | Case No. 4:22-cv-00032-RRB |

| | |
|---|---|
| CAFÉ DE PARIS CATERING COMPANY, | Case No. 4:22-cv-00033-RRB |
| NORTHERN LIGHTS BUSINESS, INC., | Case No. 4:22-cv-00034-RRB |
| TODD Z. WENTZ D.D.S., M.S., P.C., | Case No. 4:22-cv-00035-RRB |
| GROUNDHOGS, LLC, | Case No. 4:22-cv-00036-RRB |
| DENALI MECHANICAL, INC., | Case No. 4:22-cv-00037-RRB |
| SHANE D. RHOTON, LLC, | Case No. 4:22-cv-00038-RRB |
| MOONSTONE, LLC, | Case No. 4:22-cv-00039-RRB |
| JESKA-ALASKA, INC., | Case No. 4:22-cv-00040-RRB |
| AURORA ANIMAL CARE (clinic), INC., | Case No. 4:22-cv-00041-RRB |
| TIMMONS & LARSON, INC., | Case No. 4:22-cv-00042-RRB |
| TCI CONSTRUCTION, INC., | Case No. 4:22-cv-00043-RRB |
| IMPORT AUTO BODY, INC., | Case No. 4:22-cv-00044-RRB |
| DRENNON CONSTRUCTION & CONSULTING, INC., | Case No. 4:22-cv-00045-RRB |
| AMPED ELECTRIC, INC., | Case No. 4:22-cv-00046-RRB |
| AUTO TRIM DESIGN OF FAIRBANKS, INC., | Case No. 4:22-cv-00047-RRB |
| SUN AIR SHEET METAL, INC., | Case No. 4:22-cv-00048-RRB |
| ELEMENTS, LLC, | Case No. 4:22-cv-00049-RRB |

| | |
|---|---|
| KANTISHNA ROADHOUSE, INC., | Case No. 4:22-cv-00050-RRB |
| FAIRBANKS NISSAN, LLC., | Case No. 4:22-cv-00051-RRB |
| GOETHE, LLC, | Case No. 4:22-cv-00052-RRB |
| PIKE'S ON THE RIVER, INC., | Case No. 4:22-cv-00053-RRB |
| ALASKA RIVERWAYS, INC., | Case No. 4:22-cv-00054-RRB |
| BRICE, INCORPORATED, | Case No. 4:22-cv-00055-RRB |
| FLOWLINE ALASKA, INC., | Case No. 4:22-cv-00056-RRB |
| GENE'S, INC., | Case No. 4:22-cv-00057-RRB |
| FOUNTAINHEAD DEVELOPMENT, INC., | Case No. 4:22-cv-00058-RRB |
| SOURDOUGH EXPRESS, INC., | Case No. 4:22-cv-00059-RRB |
| GREAT NORTHWEST, INC., | Case No. 4:22-cv-00060-RRB |
| PDC (CONSULTING ENGINEERS), INC., | Case No. 4:22-cv-00061-RRB |
| G2 CONSTRUCTION, INC., | Case No. 4:22-cv-00062-RRB |
| DESIGN ALASKA, INC., | Case No. 4:22-cv-00063-RRB |
| PIKE'S ON THE RIVER, INC., | Case No. 4:22-cv-00064-RRB |
| ALASKA EQUIPMENT RENTALS, INC., | Case No. 4:22-cv-00065-RRB |
| ALASCCONNECT, LLC, | Case No. 4:22-cv-00066-RRB |
| Defendants. | |

## <u>ORDER OF DISMISSAL</u>

Before the Court are 47 civil actions brought by Barry Donnellan, as a relator, on behalf of the United States of America pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*.  Due to the unique statutory requirements, procedural functions of the False Claims Act and *qui tam* actions, and Mr. Donnellan's recent litigation strategy, prompt judicial review of these actions is required.

## I.  <u>Procedural History & Background</u>

On August 9, 2022, Mr. Donnellan filed two *qui tam* actions, without the filing fee or a motion to proceed *in forma pauperis*.[1]  On August 17, 2022, Mr. Donnellan filed eight *qui tam* actions, without the filing fee or a motion to proceed *in forma pauperis*.[2]  On August 18, 2022, Mr. Donnellan filed 12 *qui tam* actions, without the filing fee or a motion to proceed *in forma pauperis*.[3]  On August 19, 2022, Mr. Donnellan filed 25 *qui tam* actions, without the filing fee or a motion to proceed *in forma pauperis*.[4]

---

[1] 4:22-cv-00019-RRB (SEALED); 4:22-cv-00020-RRB (SEALED).

[2] 4:22-cv-00022-RRB (SEALED); 4:22-cv-00023-RRB (SEALED); 4:22-cv-00024-RRB (SEALED); 4:22-cv-00025-RRB (SEALED); 4:22-cv-00026-RRB (SEALED); 4:22-cv-00027-RRB (SEALED); 4:22-cv-00028-RRB (SEALED); 4:22-cv-00029-RRB (SEALED).

[3] 4:22-cv-00030-RRB (SEALED); 4:22-cv-00031-RRB (SEALED); 4:22-cv-00032-RRB (SEALED); 4:22-cv-00032-RRB (SEALED); 4:22-cv-00033-RRB (SEALED); 4:22-cv-00034-RRB (SEALED); 4:22-cv-00035-RRB (SEALED); 4:22-cv-00035-RRB (SEALED); 4:22-cv-00036-RRB (SEALED); 4:22-cv-00037-RRB (SEALED); 4:22-cv-00038-RRB (SEALED); 4:22-cv-00039-RRB (SEALED); 4:22-cv-00040-RRB (SEALED); 4:22-cv-00041-RRB (SEALED).

[4] 4:22-cv-00042-RRB (SEALED); 4:22-cv-00043-RRB (SEALED); 4:22-cv-00044-RRB (SEALED); 4:22-cv-00045-RRB (SEALED); 4:22-cv-00046-RRB (SEALED); 4:22-cv-00047-RRB (SEALED); 4:22-cv-00048-RRB (SEALED); 4:22-cv-00049-RRB (SEALED); 4:22-cv-00050-RRB (SEALED); 4:22-cv-00051-RRB (SEALED); 4:22-cv-00052-RRB (SEALED); 4:22-cv-00053-RRB (SEALED); 4:22-cv-00054-RRB (SEALED); 4:22-cv-00055-RRB (SEALED); 4:22-cv-00056-RRB (SEALED); 4:22-cv-00057-RRB (SEALED); 4:22-cv-00058-RRB (SEALED); 4:22-cv-00059-RRB

Upon the Court's review, all of these actions are fundamentally similar.[5] These actions bear the exact same complaint format, font, and generalized language and claim.[6] Each action identifies Mr. Donnellan as a prospective relator with "direct and independent knowledge of, nonpublic information" that each Defendant entity took Paycheck Protection Program (PPP) loans, but continued to operate during April and May 2020.[7]

Further, prior orders from Judges Kindred and Gleason made extensive findings about Mr. Donnellan's recent pattern of filing *qui tam* actions on behalf of Donald Tangwall, a vexatious litigant.[8]  For brevity, the Court adopts the findings

(SEALED); 4:22-cv-00060-RRB (SEALED); 4:22-cv-00061-RRB (SEALED); 4:22-cv-00062-RRB (SEALED); 4:22-cv-00063-RRB (SEALED); 4:22-cv-00064-RRB (SEALED); 4:22-cv-00065-RRB (SEALED); 4:22-cv-00066-RRB (SEALED).

[5] *Compare* 4:22-cv-00019-RRB (SEALED) *with* 4:22-cv-00020-RRB (SEALED); 4:22-cv-00022-RRB (SEALED); 4:22-cv-00023-RRB (SEALED); 4:22-cv-00024-RRB (SEALED); 4:22-cv-00025-RRB (SEALED); 4:22-cv-00026-RRB (SEALED); 4:22-cv-00027-RRB (SEALED); 4:22-cv-00028-RRB (SEALED); 4:22-cv-00029-RRB (SEALED); 4:22-cv-00030-RRB (SEALED); 4:22-cv-00031-RRB (SEALED); 4:22-cv-00032-RRB (SEALED); 4:22-cv-00032-RRB (SEALED); 4:22-cv-00033-RRB (SEALED); 4:22-cv-00034-RRB (SEALED); 4:22-cv-00035-RRB (SEALED); 4:22-cv-00035-RRB (SEALED); 4:22-cv-00036-RRB (SEALED); 4:22-cv-00037-RRB (SEALED); 4:22-cv-00038-RRB (SEALED); 4:22-cv-00039-RRB (SEALED); 4:22-cv-00040-RRB (SEALED); 4:22-cv-00041-RRB (SEALED); 4:22-cv-00042-RRB (SEALED); 4:22-cv-00043-RRB (SEALED); 4:22-cv-00044-RRB (SEALED); 4:22-cv-00045-RRB (SEALED); 4:22-cv-00046-RRB (SEALED); 4:22-cv-00047-RRB (SEALED); 4:22-cv-00048-RRB (SEALED); 4:22-cv-00049-RRB (SEALED); 4:22-cv-00050-RRB (SEALED); 4:22-cv-00051-RRB (SEALED); 4:22-cv-00052-RRB (SEALED); 4:22-cv-00053-RRB (SEALED); 4:22-cv-00054-RRB (SEALED); 4:22-cv-00055-RRB (SEALED); 4:22-cv-00056-RRB (SEALED); 4:22-cv-00057-RRB (SEALED); 4:22-cv-00058-RRB (SEALED); 4:22-cv-00059-RRB (SEALED); 4:22-cv-00060-RRB (SEALED); 4:22-cv-00061-RRB (SEALED); 4:22-cv-00062-RRB (SEALED); 4:22-cv-00063-RRB (SEALED); 4:22-cv-00064-RRB (SEALED); 4:22-cv-00065-RRB (SEALED); 4:22-cv-00066-RRB (SEALED).

[6] *Supra* note 5.

[7] *Supra* note 5.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."  Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are

of Judge Kindred in *Donnellan, et al. v. Birch, Horton, Bitter, Inc.*, Case No. 3:22-cv-00117-JMK, Docket 4 at 3–6 and Judge Gleason in *Donnellan v. Mae*, Case No. 4:22-cv-00016-SLG, Docket 31 at 2–11, and further finds that the above-captioned 47 actions are also part of the recent Donnellan-Tangwall litigation pattern.

In the interest of judicial economy, these actions will be evaluated and addressed collectively.

## II.    Deficient Filings

In order to properly commence a civil action, a litigant must either pay the filing fee of $402.00 or file a motion to proceed *in forma pauperis*.[9]  A court may not simply waive prepayment of costs and fees, it must review an application and financial affidavit in order to make an appropriate factual finding.  Mr. Donnellan has not paid the filing fee or file a motion to proceed *in forma pauperis*. Accordingly, these civil actions are deficient.

## III.    Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[10]  The United States Supreme Court has established that "the federal courts are under

---

appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[9] Local Civil Rule 3.1(c).

[10] BLACK'S LAW DICTIONARY (11th ed. 2019).

an independent obligation to examine their own jurisdiction[.]"[11]  In a federal court

proceeding, a jurisdictional defect may be raised at any time.[12]

### A.    Standing

Article III standing "is the threshold question in every federal case" which

determines whether the court has the power to hear a lawsuit.[13]  The "irreducible

constitutional minimum of standing consists of three elements . . . [t]he plaintiff

must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision."[14]  The requirements of standing maintain these jurisdictional

limits by "identify[ing] those disputes which are appropriately resolved through the

judicial process[.]"[15]  A plaintiff, as the moving party, bears the burden of

establishing standing.[16]

### B.    False Claims Act

The False Claims Act (FCA) was enacted in 1863 out of concern that

suppliers to the Union Army were committing fraud.[17]  Since its enactment, the

FCA has been amended several times, but the core remains the same; it creates

---

[11] *United States v. Hays*, 515 U.S. 737, 742 (1995).

[12] *Washington Environmental Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013).

[13] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[14] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2013) (internal punctuation omitted) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560 (1992) and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

[15] *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015).

[16] *Id*.

[17] 31 U.S.C. §§ 3729–3733.

a cause of action in which a private citizen may sue on behalf of the federal government alleging that a third party is defrauding the federal government. This type of lawsuit is called a *qui tam* action and the person who files the suit is referred to as a "relator."[18] To show a violation of the FCA, a relator must provide sufficient factual knowledge that (1) the third party made a specific action against the government, known as a false claim, and (2) the relator knows the third-party knew that their conduct was fraudulent.[19] In this context, and by statute, a "false claim" is defined as a demand for money or property made either directly to the federal government or on the federal government's behalf, made with knowing intent.[20] Specifically, to be liable under the FCA, the third party must have submitted, or caused the submission of, a false claim for monetary payment or property from the federal government with actual knowledge, deliberate ignorance of the truth or falsity of the information, or reckless disregard of the truth or falsity.[21]

The FCA also limits who may act as a relator, that is, who may file a *qui tam* action. Specifically, *qui tam* cases are not permitted where: (1) the relator is self-represented or proceeding *pro se*;[22] (2) the relator was convicted of criminal

---

[18] *See* 31 U.S.C. § 3730(b).
[19] *See* Fed. R. Civ. P. 9.
[20] 31 U.S.C. § 3729(b)(2).
[21] 31 U.S.C. § 3729(b)(1).
[22] *Stoner et. al. v. Santa Clara County Office of Educ., et al*, 502 F.3d 1116, 1125–28 (9th Cir. 2007) (holding that *pro se* litigants cannot bring *qui tam* actions as relators, because *qui tam* relators represent the United States, not just their own individual interests as permitted for *pro se* litigation under 28 U.S.C. § 1654).

conduct arising from his role in the violation;[23] (3) another *qui tam* concerning the same conduct has already been filed;[24] (4) the government is already party to a civil or administrative proceeding concerning the same conduct;[25] or (5) if the *qui tam* is based on information that has already been disclosed to the public.[26]

As a self-represented plaintiff-relator, Mr. Donnellan has no statutory authority under which he may represent the interests of anyone other than himself, and no authority to represent the interests of the United States.[27] In *Stoner v. Santa Clara County Office of Education*, the Ninth Circuit Court of Appeals evaluated whether a self-represented litigant may be a *qui tam* relator. The Ninth Circuit reasoned that 28 U.S.C. § 1654 provided a *pro se* litigant the right to "plead and conduct their own cases personally."[28] It further reasoned that an FCA *qui tam* lawsuit represents the interests of the United States and binds the United States "to any adverse judgment the relators may obtain[.]"[29] Therefore, *qui tam* suits must be "carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself."[30] The Ninth Circuit unambiguously held "that a *pro*

---

[23] 31 U.S.C. § 3730(d)(3).
[24] 31 U.S.C. § 3730(b)(5).
[25] 31 U.S.C. § 3730(e)(3).
[26] 31 U.S.C. § 3730(e)(4)(A).
[27] *See Stoner et. al. v. Santa Clara County Office of Educ., et al*, 502 F.3d 1116, 1125–26 (9th Cir. 2007).
[28] 28 U.S.C. § 1654; *see Stoner*, 502 F.3d at 1125–28.
[29] *Stoner*, 502 F.3d at 1127.
[30] *Stoner*, 502 F.3d at 1127 (quoting *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951)).

se relator cannot prosecute a *qui tam* action on behalf of the United States[.]"[31]  A *qui tam* action requires professional legal counsel admitted to practice before the Court in which the action is filed.[32]

Here, Mr. Donnellan filed the above-captioned 47 civil actions as a self-represented plaintiff-relator attempting to bring suit on behalf of the United States of America.  However, Mr. Donnellan may not serve as a relator, because he is a self-represented party.  As a self-represented party, Mr. Donnellan does not have standing to bring this claim.  Without standing, this Court does not have jurisdiction over these actions.  Therefore, the above-captioned actions must be dismissed.

## IV.  **Public Access**

The False Claims Act requires that a *qui tam* complaint be filed under seal, and remain so for 60 days, unless the Government moves for an extension with good cause shown.[33]  Customarily, courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents."[34] "[A]ccess to judicial records is not absolute,"[35] although there is a "strong presumption in favor of access."[36]  As established, above these are not proper *qui*

---

[31] *Stoner*, 502 F.3d at 1127.

[32] *Stoner,* 502 F.3d at 1125–28.  The plaintiff in *Stoner* was a licensed attorney, however, "he was not a member admitted to practice before the district court as a matter of the court's local rules," and thus was proceeding *pro se* before the court.  *Id.* at 1125–26.

[33] 31 U.S.C. § 3730(b).

[34] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).

[35] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (2006).

[36] *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).

*tam* complaints. Accordingly, the Court finds no reason for these complaints to remain under seal. Therefore, the Court unseals these actions and makes them available for public access in the interest of justice.

## V.    Conclusion

The civil actions are deficient for lack of filing fees or motions to proceed *in forma pauperis*. Even if this deficiency were to be remedied, the Court lacks jurisdiction over this matter because Mr. Donnellan does not have standing to bring *qui tam* claims as a self-represented litigant.

**IT IS THEREFORE ORDERED**:

1.    These actions are **DISMISSED** for lack of jurisdiction.

2.    The Clerk of Court shall unseal the above-captioned cases.

3.    The Clerk of Court shall issue final judgments in the above-captioned cases.

DATED this 5th day of October, 2022, at Anchorage, Alaska.


*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge